JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALESSANDRA BALSER and RUTH KRESHA, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>THE HAIN CELESTIAL GROUP, INC.,<br><br>            Defendant. | CASE NO.   CV 13-05604-R<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Alessandra Balser and Ruth Kresha ("Plaintiffs") filed a false advertising class action complaint ("Complaint") against The Hain Celestial Group, Inc. ("Defendant") for the use of the word "natural" on over 30 of its products in its Alba Botanica cosmetics line. Defendant filed a motion to dismiss and strike Complaint on October 29, 2013. Having been thoroughly briefed the Court took the matter under submission on December 5, 2013.

On a motion to dismiss, the trial court takes all well-pleaded facts in the Complaint to be true and determines whether, based upon those facts, the Complaint states a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Although factual assertions are taken as true, the court does not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under

1   Federal Rule of Civil Procedure 9(b), claims sounding in fraud must be pleaded with particularity
2   by setting forth the who, what, when, where, and how of the misconduct charged. *Kearns v. Ford*
3   *Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). This includes pleading reliance with particularity.
4   *In re Countrywide Fin.Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1198–99 (C.D. Cal. 2008).
5        Here, Plaintiffs have not alleged what they believed the representation "natural" to have
6   meant, nor have they sufficiently pled how they relied and were harmed by that representation.
7        Plaintiffs contend that "natural" and "100% vegetarian" are misrepresentations of
8   Defendant's products. False or misleading advertising is judged by whether a reasonable consumer
9   would be likely to be deceived. *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 511
10  (2003). First, it is undisputed that "natural" is a vague and ambiguous term. Plaintiffs aver that
11  "natural" means: "existing in or produced by nature; not artificial." This definition is implausible
12  as applied to the products at issue: shampoos and lotions do not exist in nature, there are no
13  shampoo trees, cosmetics are manufactured. Thus Plaintiffs cannot plausibly allege they were
14  deceived to believe shampoo was "existing in or produced by nature." *Pelayo v. Nestle USA, Inc.*,
15  2013 WL 5764644 (C.D. Cal. 2013). Despite Plaintiffs averment that 100% vegetarian means only
16  from vegetable matter, the more common understanding is without animal products, which is how
17  Defendants use the term and Defendants' labels further clarify the meaning of the phrase.
18       Plaintiffs allege that Alba Botanica's website contains the further misrepresentation of
19  natural: "We make natural, 100% vegetarian personal care products . . . . This means we don't use
20  parabens, sulfates, or phthalates." Compl. 7. Thus Defendant actively defines what its use of
21  natural means, so that no reasonable consumer could be deceived. The website contains a further
22  list of ingredients that are not used in Alba Botanica products. The labels on the cosmetics include
23  an explanation explaining what natural ingredients are added, what ingredients are excluded and a
24  complete list of all ingredients.
25  ///
26  ///
27  ///
28  ///

1          Read as a whole, no reasonable consumer would be misled by the label "natural."
2   Dismissal with prejudice is appropriate when further amendment would be futile. *Leadsinger, Inc.*
3   *v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). As the defects in Complaint cannot be
4   cured by amendment, dismissal with prejudice is appropriate.
5          IT IS ORDERED that Complaint is dismissed without leave to amend.
6   Dated:  December 18, 2013.

          _____
                 MANUEL L. REAL
          UNITED STATES DISTRICT JUDGE