1   Elizabeth P. Lin (State Bar No. 174663)
    **THE LIN LAW FIRM, APLC**
2   2705 S. Diamond Bar Blvd., Suite 398
    Diamond Bar, CA 91765
3   Telephone: (909) 595-5522
    Facsimile: (909) 595-5519
4   elizabethl@thelinlawfirm.com

5
    Mark P. Kindall (State Bar No. 138703)
6   Robert A. Izard (admitted *pro hac vice*)
    Nicole A. Veno (admitted *pro hac vice*)
7   **IZARD NOBEL LLP**
    29 South Main Street, Suite 305
8   West Hartford, CT 06107
    Telephone: (860) 493-6292
9   Facsimile: (860) 493-6290
    mkindall@izardnobel.com
10  rizard@izardnobel.com
    nveno@izardnobel.com
11
12  Attorneys for Plaintiffs

13              **IN THE UNITED STATES DISTRICT COURT**
14         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15  ALESSANDRA BALSER and RUTH          Case No.:  13-cv-05604-R-RZ
    KRESHA, Individually and on Behalf of
16  All Others Similarly Situated,        HON. MANUEL L. REAL
17
                Plaintiffs,              **PLAINTIFFS' POSITION PAPER**
18                                       **RE: NINTH CIRCUIT MANDATE**
19         v.
                                         Date:    May 2, 2016
20  THE HAIN CELESTIAL GROUP,            Time:    10:00 A.M.
    INC.,                                Place:   Courtroom 8 – 2nd Floor
21                                                312 N. Spring Street
22              Defendant.              Hon. Manuel L. Real
23
24
25
26
27
28

---

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION**

Plaintiffs Alessandra Balser and Ruth Kresha ("Plaintiffs") submit this position paper regarding the Ninth Circuit's March 16, 2016 mandate in this action pursuant to the Court's March 29, 2016 Order (ECF No. 50).

## I.   BACKGROUND

On February 22, 2016, the U.S. Court of Appeals for the Ninth Circuit reversed the dismissal of Plaintiffs' Complaint.  *Balser v. The Hain Celestial Group, Inc.,* No. 14-55074, 2016 WL 696507, at *1 (9th Cir. Feb. 22, 2016).  The Ninth Circuit also vacated this Court's decision to defer consideration of whether precertification discovery is necessary until after Plaintiffs' Motion for Class Certification was due, effectively rendering it moot.  *Id.*  The Court specifically noted that "the schedule contemplated by Central District of California Local Rule 23-3, when considered alongside federal rules regarding status conferences and the timing of discovery, is quite unrealistic in light of recent case law regarding the need to establish a sufficient factual record at the class certification stage."  *Id.* Accordingly, the Ninth Circuit remanded "for consideration of whether precertification discovery is necessary, given Plaintiffs' particular document requests, updated requests, and recent caselaw."  *Id.*

## II.   DISCUSSION

It is imperative that Plaintiffs be permitted to engage in discovery prior to filing a motion for class certification in this case.  "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc."  *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551 (2011). Discovery relating to merits and class certification will substantiate claims made in Plaintiffs' class certification motion.   "[T]he merits of the class members'

1

substantive claims are often highly relevant when determining whether to certify a class . . . it is not correct to say a district court may consider the merits to the extent that they overlap with class certification issues; rather, a district court must consider the merits if they overlap with the Rule 23(a) requirements." *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 981 (9th Cir. 2011) (emphasis in original).

Specifically, Plaintiffs' discovery requests go directly to the requirements of Rule 23, including numerosity, typicality and commonality.  Plaintiffs will seek data concerning sales of the products to show that, in fact, the Classes and Subclasses are sufficiently numerous.  Additionally, Plaintiffs seek discovery concerning advertising for the Products, labels that have appeared on the Products and suggested retail prices of the Products.  This will allow Plaintiffs to show that Plaintiffs and members of the Classes and Subclasses have been subjected to a misrepresentation and that Plaintiffs' claims are typical of the claims of the members of the Classes and Subclasses they seek to represent. *See Dukes,* 131 S. Ct. 2541 at 2551 ("Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury") (internal citations omitted).

Moreover, *Comcast Corp. v. Behrend,* 133 S. Ct. 1426, 1433 (2013) held that a damages model propounded at the class certification stage must be tied to Plaintiffs' theory of liability.  Here, Plaintiffs' damages model will attempt to measure the premium price Plaintiffs and members of the Classes and Subclasses paid for the products based on the false representation that they were "natural." Plaintiffs believe that much of the information necessary for this model, including the Products' actual retail prices and sales data is in the possession of Defendant and/or third parties that track sales of Defendant's products and other competitive products.

Should the Court allow precertification discovery, Plaintiffs intend to withdraw their current Motion for Class Certification [ECF No. 32] and file an

2

amended Motion for Class Certification after they have had the benefit of precertification discovery.

Defendant has argued for a stay with respect to precertification discovery because the Ninth Circuit is scheduled to hear two cases that directly bear on the types of poof that must be produced to support a class certification motion in cases raising very similar legal claims: *Jones v. ConAgra Foods, Inc.,* No. 14-16327 (9th Cir. filed July 14, 2014) and *Brazil v. Dole Packaged Foods, LLC,* No. 14-17480 (9th Cir. filed Dec. 17, 2014). Plaintiffs agree that these cases are likely to clarify significant issues regarding class certification that were not addressed by Supreme Court rulings such as *Dukes* and *Comcast,* and thus have a signficant impact on both the briefing of class certification motions within the Circuit as well as the scope of precertification discovery. Accordingly, Plaintiffs do not oppose Defendant's request for a discovery stay. For Plaintiffs, it is critical that they be permitted to obtain discovery prior to submitting a revised motion for class certification; when that discovery commences is of secondary importance.

Dated: April 8, 2016                  Respectfully submitted,


By: /s/ Mark P. Kindall

Mark P. Kindall (State Bar No. 138703)
Robert A. Izard (admitted *pro hac vice*)
Nicole A. Veno (admitted *pro hac vice*)
**IZARD NOBEL LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
mkindall@izardnobel.com
rizard@izardnobel.com
nveno@izardnobel.com

3

Elizabeth P. Lin (State Bar No. 174663)
**THE LIN LAW FIRM, APLC**
2705 S. Diamond Bar Blvd., Suite 398
Diamond Bar, CA 91765
Telephone: (909) 595-5522
Facsimile: (909) 595-5519
elizabethl@thelinlawfirm.com


Attorneys for Plaintiffs ALESSANDRA BALSER
and RUTH KRESHA, Individually and on Behalf
of All Others similarly Situated

4