JAMES M. SCHURZ (Bar No. 145874)
JSchurz@mofo.com
KEVIN M. COLES (Bar No. 271518)
KColes@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
THE HAIN CELESTIAL GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ALESSANDRA BALSER and RUTH KRESHA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

THE HAIN CELESTIAL GROUP, INC.,

Defendant.

Case No. 13-cv-05604 R-RZ

**DEFENDANT THE HAIN CELESTIAL GROUP, INC.'S POSITION PAPER RE: NINTH CIRCUIT MANDATE**

Date: May 2, 2016
Time: 10:00 a.m.
Place: Courtroom 8 – 2nd Floor

Hon. Manuel L. Real

Defendant The Hain Celestial Group, Inc. ("Defendant" or "Hain") submits this position paper regarding the Ninth Circuit's March 16, 2016 mandate in this action pursuant to the Court's March 28, 2016 Order (ECF No. 50).

**I. BACKGROUND**

On February 22, 2016, the Ninth Circuit Court of Appeals issued an opinion reversing and remanding this Court's decision dismissing Plaintiffs' Complaint without leave to amend (ECF No. 37). *Balser v. The Hain Celestial Group, Inc.*, No. 14-55074, 2016 WL 696507, at *1 (9th Cir. Feb. 22, 2016). The Ninth Circuit also vacated this Court's decision [ECF No. 29] deferring consideration of whether precertification discovery is necessary until after Plaintiffs' Motion for Class Certification was due. *Id.* The Ninth Circuit remanded to the district court "for consideration of whether precertification discovery is necessary, given Plaintiffs' particular document requests, updated requests, and recent case law." *Id.*

**II. DISCUSSION**

No precertification discovery should be granted now because any such discovery would almost certainly lead to significant waste of the Court's and both parties' time and resources. If Plaintiffs are allowed to seek precertification discovery and re-file a motion for class certification, both parties would have to expend significant time and resources building a factual record, then re-briefing class certification issues. Yet the controlling law regarding many of these issues remains unsettled, and the Ninth Circuit is poised to provide much-needed guidance.

Two cases are pending before the Ninth Circuit that directly bear on the course of discovery and class certification in this case: *Jones v. ConAgra Foods, Inc.*, No. 14-16327 (9th Cir. filed July 14, 2014) and *Brazil v. Dole Packaged Foods, LLC*, No. 14-17480 (9th Cir. filed Dec. 17, 2014). These appeals raise questions of standing, ascertainability, materiality, reliance, and calculation of damages, all of which directly pertain here. Once the Ninth Circuit rules on these

appeals, the parties here will almost certainly be forced to revisit any precertification discovery and briefing efforts

To avoid this unnecessary waste, Defendant intends to file a motion to stay the proceeding pending resolution of the Ninth Circuit appeals in *Jones* and *Brazil*. With the appeals in *Jones* and *Brazil* pending, courts have repeatedly granted such stays in these kinds of misbranding actions in order to promote the orderly course of justice. *See, e.g.*, *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) (J. Koh) (granting motion to stay case). Defendant believes that the Court has good reason to do so here as well.

Defendants are filing concurrently herewith a stipulation setting a proposed briefing schedule on the motion to stay. As a hearing on the Ninth Circuit mandate is currently scheduled for May 2, 2016, Defendants propose that any hearing on the motion to stay be scheduled for the same date.

Dated: April 8, 2016

JAMES M. SCHURZ
KEVIN M. COLES
MORRISON & FOERSTER LLP

By: /s/ *James M. Schurz*
JAMES M. SCHURZ

Attorneys for Defendant
THE HAIN CELESTIAL GROUP, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 8th day of April, 2016, I electronically filed a PDF version of this document with the Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to all CM/ECF registrants in this case.

James M. Schurz
(typed)

/s/ *James M. Schurz*
(signature)